**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

WILMER MUCHACHO, and
JOSE CORDERO,

Plaintiffs,

v.

CENTRE ELECTRIC, INC.

Defendant

Civil Action No.

---

# COMPLAINT

---

Plaintiffs Wilmer Muchacho and Jose Cordero bring this discrimination and retaliation action against Centre Electric, Inc. ("Centre Electric," or Defendant) to seek redress for Defendant's offensive harassment and retaliatory treatment.

## Summary of the Action

1. Wilmer and Jose are married men who work together.

2. Wilmer and Jose began working as solar panel installers for Centre Electric in Holden, Maine in or around May 2023.Centre Electric later transferred Wilmer and Jose to Mattawamkeag, Maine.

3. Just a few months into their employment with Centre Electric, Wilmer and Jose's coworkers learned of their relationship and began sexually harassing and mocking them.

4. Wilmer and Jose immediately reported the harassment to Centre Electric's human resources, who transferred them to a new location.

5. Wilmer and Jose suffered substantially identical harassment at their new location.

6. Wilmer and Jose continued to report the harassment to Centre Electric, who took no further action.

7. Centre Electric, through its supervisors, began retaliating against Wilmer and Jose for complaining about their near constant harassment.

8. Centre Electric ultimately fired Wilmer and Jose in or around February 2024.

9. Wilmer and Jose filed a complaint with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC") against Centre Electric.

10. The EEOC investigated Wilmer and Jose's complaint against Centre Electric and concluded there was reasonable cause to believe that Centre Electric discriminated against Wilmer and Jose.

**PARTIES**

11. Plaintiff Wilmer Muchacho is a resident of New York City, New York.

12. Plaintiff Jose Cordero is a resident of New York City, New York.

13. Defendant Centre Electric, Inc. is a Minnesota corporation with principal business address of 43543 County Road 17, Sauk Centre, MN 56378. Centre Electric was at all times relevant operating in the state of Maine.

**JURY TRIAL DEMAND**

14. Under Fed. R. Civ. P. 38(b), Plaintiffs demand trial by jury on all issues triable by a jury.

**JURISDICTION AND VENUE**

15. This action arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*., the Maine Human Rights Act, 5 M.R.S. §§ 4551-4634, 14 M.R.S. § 6014, and the Maine Whistleblowers' Protection Act, 26 M.R.S. §§ 833. This Court has subject matter jurisdiction over Plaintiffs' federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343

(civil rights), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

16. Venue is proper in the District of Maine under 28 U.S.C. § 1391(e)(2) because: (i) Defendants operate in Maine; and (ii) under 42 U.S.C. § 2000e-5(f)(3), the unlawful employment practices that are the basis of the Complaint are alleged to have occurred entirely in Maine.

**CENTRE ELECTRIC**

17. Centre Electric is a Minnesota based corporation that, among other things, installs solar panel systems on a residential, commercial and utility basis.

18. Among Centre Electric's solar projects were community based projects in Searsport, Maine and Dedham Maine.

19. Centre Electric employed at all times relevant between 15 and 100 people.

**WILMER AND JOSE COME TO WORK FOR CENTRE ELECTRIC**

20. Wilmer and Jose are married men who travel and work together.

21. In or around May 2023, Centre Electric hired both Wilmer and Jose to work as solar installers in Maine.

22. Wilmer was paid approximately $23 per hour for his work.

23. Jose was paid approximately $23 per hour for his work.

**WILMER AND JOSE'S COWORKERS BEGIN HARASSING THEM**

24. Starting in approximately September 2023, Wilmer and Jose's coworkers at Centre Electric began harassing them on the basis of their relationship.

25. Wilmer and Jose's coworkers at Centre Electric called them derogatory slurs, including "gonorrhea," "maricones," and "faggots."

26. Wilmer and Jose immediately reported this hostile work environment to Paul ____ from Centre Electric's Human Resources.

27. Centre Electric transferred Wilmer and Jose to another location in response to their complaint.

28. Centre Electric took no other action in response to Wilmer and Jose's complaint. Centre Electric undertook no investigation and issued no reprimands to any of Wilmer and Jose's coworkers.

**THE HARASSMENT CONTINUES**

29. Wilmer and Jose's new coworkers at the new location Centre Electric transferred also harassed Wilmer and Jose about their relationship.

30. Several of Wilmer and Jose's Centre Electric coworkers constantly taunted them with derogatory slurs, including "faggot."

31. On several occasions some of Wilmer and Jose's Centre Electric coworkers threw food at them as well.

32. Additionally, despite their transfer, Centre Electric assigned Wilmer and Jose to work with several employees who harassed them at their first assigned location.

33. Wilmer and Jose continued reporting the continued harassment.

34. Centre Electric took no further action to remediate the harassment Wilmer and Jose suffered.

**CENTRE ELECTRIC RETALIATES AGAINST WILMER AND JOSE**

35. After Wilmer and Jose made their complaints, Centre Electric started retaliating against them.

36. Centre Electric, among other things, denied Wilmer and Jose the ability to go to their car to warm up on breaks, denying them meal and bathroom breaks, and denying them weekend work.

37. Centre Electric permitted its other employees each of these "benefits."

38. Ultimately, Centre Electric terminated Wilmer and Jose both in or around February 2024.

39. Centre Electric's ostensibly stated reason for terminating Wilmer and Jose was tardiness, leaving early and disrespectful behavior.

40. Centre Electric did not give Wilmer or Jose any warnings or disciplinary action regarding their supposed tardiness, early departures or disrespectful behavior before firing them.

**ADMINISTRATIVE PROCEDURE**

41. On April 5, 2024, Wilmer and Jose filed charges of discrimination with the EEOC, MHRC and FEPA alleging discrimination based on sex and retaliation.

42. By letter dated June 18, 2024, the EEOC indicated that it intended to investigate Wilmer and Jose's charges, and that the MHRC intended to defer investigation.

43. By letters dated June 18, 2026, the EEOC concluded that there was reasonable cause to believe that Centre Electric retaliated against Wilmer and Jose on account of sex by terminating their employment in violation of Title VII.

44. By letter dated July 20, 2026, the EEOC issued to Wimer and Jose their respective Right to Sue letters.

45. Under 5 M.R.S. § 4622, Wilmer satisfied one or more of the prerequisites to be awarded attorneys' fees and all available damages under the Maine Human Rights Act and the Maine Whistleblowers' Protection Act.

46. Under 5 M.R.S. § 4622, Jose has satisfied one or more of the prerequisites to be awarded attorneys' fees and all available damages under the Maine Human Rights Act and the Maine Whistleblowers' Protection Act.

47. Wilmer has exhausted all administrative remedies for all claims in this action that require administrative exhaustion.

48. Jose has exhausted all administrative remedies for all claims in this action that require administrative exhaustion.

## CLAIMS FOR RELIEF

### COUNT I:
### VIOLATION OF TITLE VII & MHRA EMPLOYMENT DISCRIMINATION PROTECTIONS
### ON BEHALF OF WILMER MUCHACHO & JOSE CORDERO

49. Plaintiffs Wilmer Muchacho and Jose Corder reassert and reallege all previous paragraphs.

50. Centre Electric employed Wilmer Muchacho at all times relevant.

51. Centre Electric employed Jose Cordero at all times relevant

52. Defendant intentionally discriminated against Wilmer Muchacho and Jose Cordero because of their sex by permitting its employees to continue harassing on the basis of their sexual orientation him after receiving notice of the harassment. This harassment and their reporting of this harassment culminated in their termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 5 M.R.S. §§ 4571 & 4572.

53. Wilmer Muchacho repeatedly complained to Centre Electric about the harassment he suffered, and Centre Electric had actual or constructive knowledge of its employees' objectively hostile ongoing discrimination and harassment.

54. Jose Cordero repeatedly complained to Centre Electric about the harassment he suffered, and Centre Electric had actual or constructive knowledge of its employees' objectively hostile ongoing discrimination and harassment.

55. Centre Electric failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment.

56. As a direct and proximate result of Centre Electric's intentional discrimination, interference and retaliation, Wilmer has suffered and will continue to suffer damages, including, but not limited to, back pay, loss of self-confidence and self-respect, humiliation and embarrassment, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of their jobs and their life, injury to reputation, and other pecuniary and non-pecuniary losses.

57. As a direct and proximate result of Centre Electric's intentional discrimination, interference and retaliation, Jose has suffered and will continue to suffer damages, including, but not limited to, back pay, loss of self-confidence and self-respect, humiliation and embarrassment, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of their jobs and their life, injury to reputation, and other pecuniary and non-pecuniary losses.

**COUNT II:**
**VIOLATION OF TITLE VII**
**42 U.S.C. § 2000e *et seq.***
**ON BEHALF OF WILMER MUCHACHO & JOSE CORDERO**

58. Plaintiffs Wilmer Muchacho and Jose Corder reassert and reallege all previous paragraphs.

59. Centre Electric employed Wilmer Muchacho at all times relevant.

60. Centre Electric employed Jose Cordero at all times relevant.

61. Centre Electric intentionally retaliated against Wilmer Muchacho and Jose Cordero for reporting the illegal and harassing conduct of its employees, conduct Wilmer and Jose reasonably believed was unlawful, for opposing Centre Electric's illegal conduct and failure to address the continued harassment, and interfered with their right to work in an environment free from sexual harassment and to not be discharged for reporting its employees' sexual harassment and its own failure to remediate that sexual harassment.

62. The effect of the events described above has been to deprive Wilmer Muchacho and Jose Cordero of equal employment opportunities in retaliation for exercising their federally protected rights.

63. As a direct and proximate result of Defendants' intentional discrimination, interference and retaliation, Wilmer and Jose have suffered and will continue to suffer damages, including, but not limited to, back pay, loss of self-confidence and self-respect, humiliation and embarrassment, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of their jobs and their life, injury to reputation, and other pecuniary and non-pecuniary losses.

64. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Wilmer Muchacho and Jose Cordero.

**COUNT III:**
**VIOLATION OF THE MHRA RETALIATION / INTERFERENCE PROVISIONS**
**5 M.R.S. § 4633**
**ON BEHALF OF WILMER MUCHACHO AND JOSE CORDERO**

65. Plaintiffs Wilmer Muchacho and Jose Corder reassert and reallege all previous paragraphs.

66. Centre Electric employed Wilmer Muchacho and Jose Corder at all times relevant.

67. Centre Electric intentionally retaliated against Wilmer Muchacho and Jose Cordero for reporting the illegal and harassing conduct of its employees, conduct Wilmer and Jose reasonably believed was unlawful, for opposing Centre Electric's illegal conduct and failure to address the continued harassment, and interfered with their right to work in an environment free from sexual harassment and to not be discharged for reporting its employees' sexual harassment and its own failure to remediate that sexual harassment in violation of 5 M.R.S. § 4633.

68. As a direct and proximate result of Centre Electric's intentional discrimination, interference, retaliation and eviction, Wilmer and Jose have suffered and will continue to suffer damages, including, but not limited to, back pay, loss of self-confidence and self-respect, humiliation and embarrassment, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of their jobs and their life, injury to reputation, and other pecuniary and non-pecuniary losses.

69. Accordingly, under 5 M.R.S. §§ 4613(2)(B)(7) & 4614, Plaintiffs are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

**COUNT VI:**
**VIOLATION OF THE MAINE WHISTLEBLOWERS' PROTECTION ACT**
**26 M.R.S. § 833**
**ON BEHALF OF WILMER MUCHACHO & JOSE CORDERO**

70. Plaintiffs Wilmer Muchacho and Jose Cordero reassert and reallege all previous paragraphs.

71. Centre Electris is the employer of Wilmer Muchacho and Jose Cordero, and Plaintiffs are employees of the Centre Electric as those terms are defined under 26 M.R.S. § 832.

72. Wilmer Muchacho and Jose Cordero engaged in protected activity within the meaning of the Maine Whistleblower Protection Act by making complaints of illegal practices by Centre Electric's employees to Centre Electric.

73. Wilmer Muchacho and Jose Cordero each had a reasonable basis for believing that the conduct of Centre Electric's employees in sexually harassing them was illegal.

74. Wilmer Muchacho and Jose Cordero engaged in the aforementioned activity in good faith.

75. As a direct and proximate cause of Wilmer Muchacho and Jose Cordero's reporting of Centre Electric's employee's conduct, they were terminated by Centre Electric.

76. As a direct and proximate result of Centre Electric's intentional discrimination, interference, retaliation and eviction, Wilmer and Jose have suffered and will continue to suffer damages, including, but not limited to, back pay, loss of self-confidence and self-respect, humiliation and embarrassment, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of their jobs and their life, injury to reputation, and other pecuniary and non-pecuniary losses.

77. As a result of Centre Electric's conduct, Wilmer and Jose have suffered and are entitled to damages, including but not limited to lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, civil penal damages, attorneys' fees, costs and expenses.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Ferd. R. Civ. P. 38(b), Plaintiff, individually and on behalf of the FLSA Collective Action Members and the Maine Class Members, demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request relief against Defendant as follows:

a. Enter declaratory relief that Defendant violated Wilmer and Jose's statutory and constitutional civil rights to be free of sex discrimination and unlawful retaliation;

b. Enter injunctive relief ordering Defendant to:

i. provide effective civil rights training for all human resources employees, supervisors and dormitory managers (regardless of their status as employees or ostensible independent contractors) on the requirements of all applicable laws prohibiting employment discrimination because of sex and complete this training within 60 days of the entry of Judgment for Injunctive Relief;

ii. provide this training for two years after the date judgment is entered to all new human resources employees, supervisors and dormitory managers (regardless of their status as employees or ostensible independent contractors) within 60 days of their starting their position;

iii. maintain attendance sheets or records signifying attendance identifying each person who attended each training session and forward a copy of the attendance sheets to Plaintiff's counsel within seven days of each training session;

iv. post at the worksite and all dormitories a copy of a remedial notice detailing the judgment in this case as well as the order providing injunctive relief; and

v. send a letter printed on Defendant's letterhead to all of Defendant's employees and independent contractors advising them of the judgment in this case, enclosing a copy of their policies regarding anti-discrimination and retaliation, and stating that they will not tolerate any such discrimination or retaliation, and will take appropriate disciplinary action against any employee, agent or contractor of Defendant who engages in such discrimination.

c. Award back pay for lost wages and benefits;

d. Award as liquidated damages an amount equal to twice the amount of unpaid wages and benefits;

e. Award compensatory damages in amounts to be determined at trial by the jury or nominal damages;

f. Award actual damages in amounts to be determined at trial by the jury, or nominal damages;

g. Award punitive damages in amounts to be determined at trial by the jury;

h. Award Plaintiff full costs and reasonable attorney's fees;

i. Award pre-judgment interest; and

j. Award such further relief as is deemed appropriate.

Dated: October 14, 2026

Respectfully Submitted,

__/s/ Peter Mancuso________

Peter Mancuso, Esq.
Andrew Schmidt, Esq.
Borealis Law, PLLC
97 India St.
Portland, Maine 04101
peter@maineworkerjustice.com
(207) 619-0884

*Attorneys for Plaintiffs*